Filed 2/1/21  P. v. Saenz CA4/2
*See dissenting opinion*

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075974 |
| v. | (Super.Ct.No. CR66620) |
| JUAN SAENZ, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed with directions.

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Juan Saenz, Jr., filed a petition for resentencing pursuant to Penal Code section 1170.95, which the court denied.  After counsel for defendant filed a notice of appeal, this court appointed counsel to represent him.  Counsel has filed a

1

brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and two potentially arguable issues:  whether the court erred in considering defendant's record of conviction and whether defendant's record of conviction established that defendant was the sole and actual perpetrator of the murder.  We affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On January 1, 1996, defendant went to his estranged girlfriend's mother's home. When the mother answered the door, the mother's boyfriend was standing next to her. Defendant fired a gun at the boyfriend, hitting him in the face and killing him.  Defendant fired several more shots into the home before leaving.

In March 1997, a jury found defendant guilty of first degree murder of the boyfriend (count 1) and the attempted, premeditated, and deliberate murder of the mother (count 2).  Two personal use of a firearm enhancements were also found true.  The trial court sentenced defendant to a determinate term of 14 years on the gun enhancements and consecutive terms of 25 years to life and life with the possibility of parole, respectively, on counts 1 and 2.  Defendant appealed, and this court affirmed the judgment.  (*People v. Saenz* (Feb 24, 1999, E020969) [nonpub. opn.].)

On December 30, 2019, defendant filed a petition for resentencing pursuant to Penal Code section 1170.95.  The People filed opposition arguing, in part, that defendant was not entitled to relief because he was the actual killer.

2

At the hearing on the petition on August 21, 2020, the People argued as follows: "This was a one defendant case. He was convicted of murder and attempt[ed] murder with a [Penal Code section] 12022.5 [allegation] found true on both [counts]. He was sentenced to 25 to life, plus life. The 1999 appellate opinion included with our response that we filed shows the defendant was the actual killer. As the actual killer, he's not eligible for relief." Defense counsel submitted. The court ordered the "[m]atter summarily denied. The defense's objection is noted for the record and overruled."[1]

## II.  DISCUSSION

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.[2] We recognize that one panel of this court recently held that in uncontested appeals from postjudgment orders, there is no reason to conduct a *Wende* review of the record and such appeals should be dismissed by order. (*People v. Scott* (2020) 58 Cal.App.5th 1127, 1131-1132 (but see dis. opn. of Miller, J.); accord *People v. Cole* (2020) 52 Cal.App.5th 1028, review granted Oct. 14, 2020, S264278 ["*Wende*'s

---

[1] The reporter's transcript reflects that the court summarily denied the petition. The minute order indicates the court dismissed the petition without prejudice. We shall direct the superior court clerk to correct the minute order. (See *People v. Jones* (2012) 54 Cal.4th 1, 89 [The minute order "'does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize.'"].) The reviewing court has the authority to correct clerical errors in the minute order. (*People v. Contreras* (2009) 177 Cal.App.4th 1296, 1300, fn. 3.)

[2] On January 21, 2021, after we had already reviewed the record, written the opinion, and circulated the opinion for signatures, defendant filed a "Notice For Voluntary Dismissal." Because our independent review has found a material error in the minute order, the request to dismiss is denied.

constitutional underpinnings do not apply to appeals from the denial of postconviction relief."].)  We respectfully disagree.

We agree with another panel of this court, which recently held that in uncontested appeals from the denial of a Penal Code section 1170.95 petition, "we can and should independently review the record on appeal in the interests of justice."  (*People v. Gallo* (2020) 57 Cal.App.5th 594, 599 (but see dis. opn. Menetrez, J.); accord *People v. Flores* (2020) 54 Cal.App.5th 266, 269 ["[W]hen an appointed counsel files a *Wende* brief in an appeal from a summary denial of a section 1170.95 petition, a Court of Appeal is not required to independently review the entire record, but the court can and should do so in the interests of justice."]; see *People v. Allison* (2020) 55 Cal.App.5th 449, 456 ["[W]e have the discretion to review the record in the interests of justice."].)  This procedure provides defendants an added layer of due process while consuming comparatively little in judicial resources.

Indeed, the record in the instant case consists of only 87 pages in the clerk's transcript and one page in the reporter's transcript.  Moreover, our independent review has ascertained one error in the record.  (See fn. 1, *ante*.)  Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

4

## III. DISPOSITION

The order is affirmed. The superior court clerk is directed to modify the August 21, 2020 minute order to reflect the trial court denied, rather than dismissed, defendant's petition for resentencing.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

I concur:

RAMIREZ
P. J.

5

[*People v. Saenz*, E075974]

RAPHAEL, J., Dissenting.

As this appeal comes to us with an opening brief raising no issues, we should dismiss it as abandoned.  (*People v. Scott* (2020) 58 Cal.App.5th 1127.)

The majority opinion is the *reductio ad absurdum* of the dozens that our division has been issuing in such uncontested appeals.  The entire three paragraph discussion is a declaration that the majority feels it important to write an opinion.

Even worse than an opinion about nothing, however, is that we appear not to have jurisdiction at all.  The defendant has requested that we dismiss the appeal and states that he never authorized the appeal, where the notice of appeal was signed by only his attorney.  "Because an attorney cannot appeal without the client's consent, a notice of appeal shown to have been signed by an unauthorized attorney is ineffectual in preserving the right to appeal.  [Citations.]"  (*In re Alma B.* (1994) 21 Cal.App.4th 1037, 1043.)

Next, after deciding to hear the appeal and write an opinion, the majority is burdening the trial court with an immaterial correction to the minute order that the defendant did not want to appeal from.  We are taking an unwanted, uncontested appeal and creating needless work for the trial court.  I respectfully dissent.

RAPHAEL _____

J.

1